IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM MONTANARY, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-20-29 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In this Federal Tort Claims Act action, plaintiff William Montanary claims a United States Postal Service mail carrier negligently drove her vehicle into his vehicle and caused him injury. Compl., ECF 1; *see* 28 U.S.C. §§ 2671–2680. He filed a motion for summary judgment as to liability and a memorandum in support, in which he argues that the mail carrier's negligence is undisputed. ECF 17 & 17-1. The United States opposed the motion, and Mr. Montanary filed a reply. ECF 26 & 30. Both parties supplemented their filings. ECF 32 & 33. A hearing is not necessary. Loc. R. 105.6. Because a genuine dispute exists regarding whether Mr. Montanary was contributorily negligent, and contributory negligence is a complete bar to recovery under Maryland law, his motion is denied.

    **I.**    **Background[1]**

On August 12, 2018, mail carrier Christa O'Hara was driving a United States Postal Service mail vehicle to deliver parcels on Macphail Road, a two-lane road in Harford County, Maryland. Pl.'s Mem. 1; Def.'s Opp'n 1; O'Hara Dep. 7:7–11, 13:19–22, ECF 26-1. She came to a complete

---

[1] This background presents the undisputed facts. *See* Fed. R. Civ. P. 56(a).

stop and began to turn left into a driveway.  Pl.'s Mem. 1; Def.'s Opp'n 1; O'Hara Dep. 14:1–7.  At the same time, Mr. Montanary was driving his car in the other direction on Macphail Road and came over a hill as he approached the mail carrier's vehicle.  Pl.'s Mem. 3; Def.'s Opp'n 1; O'Hara Dep. 13:1–10; Montanary Dep. 30:18–22, ECF 26-3.  Their vehicles collided.  Montanary Dep. 29:4–15; O'Hara Dep. 8:17–20.  Mr. Montanary was injured.  Montanary Dep. 32:22–25.

On January 7, 2020, Mr. Montanary filed a one-count complaint for negligence against the United States.  ECF 1.  He now seeks summary judgment as to liability.

**II.** **Standard of Review**

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position.  Fed. R. Civ. P. 56(c)(1)(A).  Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial."  *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment.  *Anderson*, 477 U.S. at 251. The Court "should not weigh the evidence."  *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249).  However, if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper.  *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23

(1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III. Discussion

Mr. Montanary contends he is entitled to summary judgment as to liability because there is no genuine dispute that the mail carrier was negligent and her negligence was the proximate cause of his injury. Pl.'s Mem. 4. The United States counters that Mr. Montanary's motion should be denied because, regardless whether the mail carrier was negligent, contributory negligence remains at issue. I agree with the defendant.

Maryland recognizes the doctrine of contributory negligence.[2] *See Kiriakos v. Phillips*, 139 A.3d 1006, 1026 n.38 (Md. 2016). "[C]ontributory negligence bars a plaintiff's recovery" for negligence when the injury that the defendant caused "is also a result of the plaintiff's own failure to exercise due care." *Id.* (citing *Coleman v. Soccer Ass'n of Columbia*, 69 A.3d 1149 (Md. 2013)). In other words,

> when a plaintiff's failure to exercise ordinary care is a proximate cause of the plaintiff's injuries, the plaintiff is barred from recovery against the defendant. This is true regardless of whether the defendant's negligence was also a proximate cause of the plaintiff's injuries.

*Seaborne-Worsley v. Mintiens*, 183 A.3d 141, 145 n.5 (Md. 2018) (citing *Coleman*, 69 A.3d 1149).

A finding that the mail carrier was negligent would not necessarily establish liability because the trier of fact must consider whether Mr. Montanary also was negligent. *See id.*; *Kiriakos*, 139 A.3d at 1026 n.38. Mr. Montanary was contributorily negligent if he breached his duty of care and his breach was a proximate cause of his injury. *See Doe v. Loyola Univ. Md.*, No. ELH-20-1227, 2021 WL 1174707, at *35 (D. Md. Mar. 29, 2021) (elements of negligence are duty

---

[2] Maryland law applies in this case. *See* Pl.'s Mem. 3; Def.'s Opp'n 4.

of care, breach of that duty, and injury for which the breach of the duty was the proximate cause) (quoting *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 155 A.3d 445, 451 (Md. 2017)). "In Maryland, 'the required standard of care on the part of the operators of motor vehicles . . . is ordinary care under the existing circumstances.'" *Rowley v. Joyce*, No. PWG-11-1766, 2012 WL 13005952, at *3 (D. Md. Dec. 18, 2012) (quoting *Kaffl v. Moran*, 197 A.2d 240, 242 (Md. 1964)), *supplemented,* No. TJS-11-1766, 2013 WL 693027 (D. Md. Feb. 25, 2013); MPJI-Cv 18:1 cmt. The court considers the vehicle's speed "in determing [sic] whether or not there was an exercise of due care." *York Motor Exp. Co. v. Maryland ex rel. Hawk*, 74 A.2d 12, 15 (Md. 1950); MPJI-Cv 18:1 cmt.

The parties dispute whether Mr. Montanary breached his duty of care to the mail carrier by speeding. Mr. Montanary maintains he was travelling at "somewhere between 25 and 30" miles per hour. Montanary Dep. 30:1–3, ECF 26-3. The United States contends he was speeding. Def.'s Mem. 7. In support of its position, the United States relies on a statement from eyewitness Natalie Soldano who saw "a U.S. Postal Service vehicle slow to a stop" and "[a]ll of a sudden, [Mr. Montanary's] car came flying over the hill from the other direct[ion] at a high rate of speed . . . ." Soldano Aff. ¶¶ 2–3, ECF 32-1.[3]

---

[3] Initially, the United States relied on Ms. Soldano's statement to the police that Mr. Montanary was "flying over the hill," and it represented to plaintiff's counsel and the Court that the eyewitness would testify at trial consistent with the account she gave the police. State of Maryland Motor Vehicle Crash Report, ECF 26-2; Nov. 2, 2020 Ltr., ECF 26-4; Def.'s Opp'n 7 n.2. Mr. Montanary objected that "Defendant ha[d] not provided any evidence of speeding with material that would be admissible in Court" and "[t]herefore, the allegation of speeding [wa]s not properly supported with admissible evidence." Pl.'s Reply 2. He argued "the opposition should be stricken pursuant to Fed. R. Civ. P. 56(c)(2)." *Id.* The United States filed Ms. Soldano's affidavit with a supplement to its opposition. ECF 32 & 32-1. Consequently, the issue of whether the United States can present the eyewitness's statement in an admissible form now is moot. *See* Fed. R. Civ. P. 56(c)(2).

Mr. Montanary is not entitled to summary judgment because he has not established that the material facts regarding his alleged contributory negligence are undisputed. Mr. Montanary will testify that he was not speeding, and the eyewitness will testify that he was speeding. Therefore, a genuine dispute of fact exists regarding whether Mr. Montanary breached his duty of care. Further, without a factual finding regarding Mr. Montanary's speed, the Court cannot determine as a matter of law whether his alleged breach was a proximate cause of his injury. In addition, because this dispute exists, Mr. Montanary cannot prove the United States' liability in negligence based solely on the fact that the mail carrier was turning left into a driveway when the vehicles collided.[4] *See Kelch v. Mass Transit Admin.*, 400 A.2d 440, 448–49 (Md. Ct. Spec. App. 1979) (affirming denial of directed verdict on issue of negligence where motorcycle collided with bus that had crossed the center of the road to turn left because "[t]he testimony in th[e] case generated the issue of whether the driver of the bus had seen the approaching motorcycle and had stopped his vehicle in a position where there remained ample room for the motorcycle to clear the intersection, thereby exercising his right of way without striking the bus"), *aff'd*, 411 A.2d 449 (Md. 1980); Md. Code Ann., Transp. § 21-402(a) ("If the driver of a vehicle intends to turn to the left . . . into . . . a . . . driveway, the driver shall yield the right-of-way to any other vehicle that is approaching from the opposite direction and is in the intersection or so near to it as to be an immediate danger."). Accordingly, Mr. Montanary's motion for summary judgment on liability is denied.

---

[4] In response to the United States' supplement, Mr. Montanary also filed a supplement, along with a photograph of the scene of the accident to show the mail carrier "failed to see what she should have seen i.e. the oncoming Plaintiff's vehicle." ECF 33 & 33-1. This evidence does not resolve the dispute over how fast Mr. Montanary was driving immediately before the collision. This disputed fact bears on whether Mr. Montanary failed to exercise ordinary care and whether any failure was a proximate cause of his injuries.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this <u>3rd</u> day of <u>May</u>, <u>2021</u> hereby ORDERED that

1. Plaintiff's Motion for Summary Judgment on Liability, ECF 17, IS DENIED; and
2. A call is set for May 17, 2021, at 4 p.m.

_____/S/_____<br>
Deborah L. Boardman<br>
United States Magistrate Judge